32

Rick SMOLICZ, Plaintiff–Appellant,

v.

BOROUGH/TOWN OF NAUGATUCK, Dennis E. Clisham, Police Chief, Naugatuck, I/O, Thomas J. Hunt, Deputy Police Chief, Naugatuck, I/O, and John Fortin, I/O, Defendants–Appellees.

No. 06–5439–cv.

United States Court of Appeals, Second Circuit.

June 12, 2008.

D. Kirt Westfall, New Haven, CT, for Plaintiff–Appellant.

Michael J. Rose (Melinda A. Powell, on the brief), Rose Kallor LLP, Hartford, CT, for Defendants–Appellees.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. JOHN R. GIBSON, Circuit Judge.*

## SUMMARY ORDER

Rick Smolicz appeals from the October 26, 2006, 2006 WL 3218533, order of the district court granting Defendants–Appellees' motion for reconsideration and motion for summary judgment. We assume

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

the parties' familiarity with the facts and procedural posture of the case.

"We review the grant of summary judgment de novo, viewing the facts in the light most favorable to plaintiffs and resolving all factual ambiguities in their favor." *Buffalo Teachers Fed'n v. Tobe,* 464 F.3d 362, 367 (2d Cir.2006) (citations omitted).

Smolicz first challenges the district court's conclusion that probable cause supported the warrant that Defendants–Appellees obtained based on Smolicz's March 2003 mailing of a photograph of naked women and a newspaper article (and, he alleges, an explanatory letter). He claims that Defendants–Appellees omitted material facts from the warrant application when they failed to mention the newspaper article or explanatory letter Smolicz included in the mailing, and that Defendants–Appellees should have included the photograph in the application.

To prevail on his § 1983 claim based on a material omission in a warrant application, Smolicz must demonstrate that Defendants–Appellees "knowingly and intentionally, or with reckless disregard for the truth, ... omitted material information," and that the "omitted information was necessary to the finding of probable cause." *Smith v. Edwards,* 175 F.3d 99, 105 (2d Cir.1999) (internal quotation marks and ellipses omitted). If, after restoring the "omitted" information, "probable cause remains, no constitutional violation of the plaintiff's Fourth Amendment rights has occurred." *Id.* Summary judgment on this element is appropriate where "the evidence, viewed in the light most favorable to the plaintiffs, discloses *no genuine dispute* that a magistrate would have issued the warrant on the basis of the 'corrected affidavits.'" *Velardi v. Walsh,* 40 F.3d 569, 574 (2d Cir.1994). "[T]here can be no such dispute where a court is able to determine, as a matter of law, that the cor-

rected affidavit would have been sufficient to support a finding of probable cause." *Smith,* 175 F.3d at 105 n. 5.

We agree with the district court that the warrant was supported by probable cause and that Defendants–Appellees did not omit material facts relevant to the probable cause determination. With respect to the explanatory letter he claims to have sent, Smolicz has introduced no evidence of any such letter or even described its contents with any specificity. Nor has Smolicz pointed to any evidence from which it could reasonably be inferred that Defendants–Appellees were aware of any such letter when they applied for the warrant; none of the victim statements referenced any letter. Therefore, even if inclusion of the letter were relevant to probable cause, which we doubt, Smolicz has failed to introduce evidence from which a jury could conclude that Defendants–Appellees intentionally failed to mention such a letter in the warrant application.

As for Smolicz's claim that the application inaccurately described the photograph or should have attached the photograph, we find the argument frivolous. We have reviewed the photograph, and it is self-evidently pornographic. Including it in the warrant application could only have strengthened the application.

Nor did Defendants–Appellees' failure to inform the magistrate that the mailing included a newspaper article violate Smolicz's rights. Even if the article had been mentioned, "the corrected affidavit would have been sufficient to support a finding of probable cause," *Smith,* 175 F.3d at 105 n. 5. The newspaper article does nothing to diminish the shocking nature of the photograph. Even with the newspaper article, the mailing would have provided probable cause that Smolicz had violated the Connecticut harassment statute, as the statute "prohibits conduct, not speech," *State v.*

*Murphy*, 254 Conn. 561, 757 A.2d 1125, 1134 (2000). The mailing-plus-article also would have provided probable cause that Smolicz had committed a breach of the peace, defined by state law as a "threat[ ] to commit any crime against another person" made "with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof," Conn. Gen.Stat. § 53a–181(a)(3). Because the mailing gave rise to probable cause to believe a harassment offense had occurred, the statement "more to come" on the photograph could reasonably have been viewed as a threat of future harassing conduct.

Smolicz also challenges the district court's ruling on his First Amendment retaliation claim. He accuses Defendants–Appellees of having failed to respond to twelve retaliatory acts, including disruption of his pay, that he identified in his complaint, and he also argues that material questions of fact exist with respect to his retaliation claim. We decline to consider the first challenge, involving retaliatory conduct other than the search and seizure, because Smolicz abandoned those claims before the district court. In his summary judgment papers, Smolicz claimed that "to sustain his First Amendment claim," he only needed to "show that material facts are in dispute as to the basis for and fact of the illegal search and seizure." "We will not reverse a summary judgment on the basis of arguments not presented below unless our failure to do so will result in a possible miscarriage of justice." *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114, 121 (2d Cir.1990). Smolicz neither acknowledges that he did not raise these other arguments below nor presents any basis on which we should nonetheless consider them to avoid a "miscarriage of justice."

With respect to Smolicz's search-related retaliation claim, this Court has held that "[a]n individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause that is in reality an unsuccessful attempt to deter or silence criticism of the government." *Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir.1992). *Mozzochi* forecloses Smolicz's claim. As noted above, the search and seizure here were conducted pursuant to a warrant supported by probable cause that Smolicz's March 2003 mailing violated several state laws. Even if the search was motivated by Defendants–Appellees' desire "to deter or silence" Smolicz's criticism of the police department and its leadership in his newsletters, Smolicz has not shown that their attempt to do so was successful. The district court determined that Smolicz had not shown a " 'chilling' of his rights" because "he continued to publish his newsletter and attend union meetings after the search was executed." On this appeal, Smolicz does not challenge that determination in any meaningful way, other than to state conclusorily that "his First Amendment right to free speech was violated further by the chilling effect the defendants' actions had on his ability to publish his union newsletter, 'Police Biz.' " Such a "conclusory statement[ ] . . . is not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir.2002).

Finally, because the district court did not err in granting summary judgment to Defendants–Appellees on Smolicz's First and Fourth Amendment claims, we need not consider Smolicz's challenge to the district court's alternative finding of qualified and municipal immunity. And although Smolicz briefly references his other claims on the final page of his brief, he forfeited any challenge to the district court's grant of summary judgment to Defendants–Appellees on those claims by failing to brief

those issues at all. *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

We have considered all of Smolicz's other arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.